UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOCELINE STICKNEY, MOLLY HILL GRAY, KEVYN MORGAREIDGE, BANK OF STOCKTON TRUST & INVESTMENT GROUP AS ADMINISTRATOR OF THE ESTATE OF MICHAEL NORMAN HILL,<br><br>Interpleader Defendants. | Case No.:  2:16-cv-02460-KJM-KJN<br><br>ORDER TO SHOW CAUSE RE: PARTIES' JOINT STIPULATION FOR AMERICAN GENERAL LIFE INSURANCE COMPANY TO RETAIN ANNUITY BENEFIT SUBJECT TO LEGAL HOLD |

On October 14, 2016, plaintiff American General Life Insurance Company ("AGLIC") filed a Complaint in Interpleader.  The Complaint asserts the court's jurisdiction based, *inter alia*, on 28 U.S.C. § 1335 as well as Federal Rule of Civil Procedure 22.  On December 12, 2016, the parties filed a Joint Stipulation for AGLIC to retain the annuity benefit subject to a legal hold.  The value of the Annuity equaled $391,476.67 (the "Annuity benefit"), when the complaint was filed on October 14.  This sum represents the benefit payable under American General Portfolio Plus Fixed & Variable Annuity contract number 5953228 (the "Annuity").  AGLIC cannot determine to whom the Annuity benefit is payable due to the defendants' conflicting claims.

The court having considered the Joint Stipulation is considering the parties' proposal that AGLIC retain control and possession of the Annuity benefit subject to a "legal hold," and does not rule out approving a proposed order that allows the avoidance of adverse tax consequences. The court does require additional information from the parties prior to making a final decision whether to approve the proposed order in the form submitted. Accordingly, good cause appearing, the court directs the parties to file a supplemental joint statement addressing the following questions with citation to authority:

1. What authority supports the conclusion that the proposed "legal hold" satisfies 28 U.S.C. § 1335(a)(2), assuming that statutory subsection applies here, which subsection provides in relevant part that if plaintiff does not deposit the funds at issue here with the court, it shall provide a "bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy"?

2. Is there any reason the court should not clarify the parties' proposal, if it approves that proposal in substance, to reflect that plaintiff should be prepared to pay interest on any funds it retains for the duration of this action, if the court awards interest in light of equitable considerations? *See Gelfgren v. Republic National Life Ins. Co.*, 680 F.2d 79, 82 (9th Cir. 1982) (citations omitted).

The supplemental joint statement shall be filed within fourteen (14) days.

SO ORDERED.

Dated:  January 12, 2017.

_____
UNITED STATES DISTRICT JUDGE

2