MICHAEL K. BRISBIN (SBN: 169495)
Email: Michael.Brisbin@wilsonelser.com
DENNIS J. RHODES (SBN 168417)
Email: Dennis.Rhodes@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER, LLP
525 Market Street, 17th Floor
San Francisco, California  94105-2725
Telephone:  (415) 433-0990
Facsimile:  (415) 434-1370

Attorneys for Plaintiff,
**AMERICAN GENERAL
LIFE INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOCELINE STICKNEY, MOLLY HILL GRAY, KEVYN MORGAREIDGE, BANK OF STOCKTON TRUST & INVESTMENT GROUP AS ADMINISTRATOR OF THE ESTATE OF MICHAEL NORMAN HILL,<br><br>Interpleader Defendants. | Case No.:  2:16-cv-02460-KJM-KJN<br><br>**ORDER ON THE JOINT STIPULATION OF THE PARTIES FOR DISBURSEMENT OF THE ANNUITY CONTRACT, PLUS DISCHARGE AND DISMISSAL OF THE ACTION** |

Upon reading the Parties' Joint Stipulation for Disbursement, Discharge and Dismissal of Annuity Contract at issue, and it appearing that this Court has jurisdiction of the parties and the subject matter, and good cause appearing therefore,

   **IT IS HEREBY DETERMINED AND ORDERED** as follows:

   1.      AGLIC issued a Portfolio Plus Fixed & Variable Annuity, number 5953228 (the "Annuity'), in the amount of $391,476.67 to Michael Norman Hill (the "Decedent") on October 10, 2000, with an annuity date of September 5, 2017.

1

Order on the Joint Stipulation of the Parties for Disbursement of the Annuity Contract, Plus Discharge and Dismissal of the Action
Case Number 2:16-cv-02460-KJM-KJN
1692978v.1

2.      The Decedent owned the Annuity and designated his wife Terry Katherine Hill as primary beneficiary of the Annuity.

3.      The Annuity contract contained the following applicable provisions:

**BENEFICIARY**

If any Beneficiary dies prior to the Annuitant, the Beneficiary's interest will pass to any other Beneficiary according to the surviving Beneficiary's respective interest. If no Beneficiary survives the Annuitant death benefits will paid to the Annuitant's estate.

**DESIGNATION OF BENEFICIARY**

During the annuitant's lifetime, the annuitant has the right to designate a Beneficiary and to change the designation. The change may be made by sending in a written request to Our Home Office. The change will take effect when We have recorded the change. However, after the change is recorded, the change will be deemed effective as of the date of the written request for change.

4.      The Decedent remained the owner of the Annuity during his life and while the Annuity remained in force.

5.      The initial primary beneficiary, and wife of the Decedent, Terry Katherine Hill, predeceased the Decedent.  Answering defendants are unaware if the initial beneficiary designation included any alternate beneficiary designation.

6.      The Decedent died on April 26, 2016.

7.      AGLIC received a Beneficiary Designation Form by facsimile on April 25, 2016, requesting the beneficiary be changed on the Annuity from Terry Katherine Hill to the Decedent's friend Joceline Stickney. The beneficiary change is allegedly signed by the Decedent on 4/18/16.

8.      AGLIC did not record, and therefore rejected, the April 25, 2016, beneficiary change request because the Beneficiary Change Form submitted appeared to have been altered prior to its receipt.

9.      AGLIC not knowing the Decedent had passed, wrote to the Decedent on May 5, 2016, advising that it was unable to complete his request to change the beneficiary because the Beneficiary Change Form he submitted appeared to have been altered prior to their receipt of

2

the form.  AGLIC provided a new Beneficiary Designation Form and instructed him to resubmit his request using this form.

10.    AGLIC not knowing the Decedent had passed, wrote to the Decedent on June 23, 2016, after receiving a resubmission of the Beneficiary Designation Form, advising that a change was recently made to the Decedent's beneficiary information.

11.    AGLIC first became aware the Decedent died when  Joceline Stickney, called AGLIC on July 7, 2016, to report the Decedent's death of April 26, 2016.

12.    AGLIC received correspondence from the Annuity Plan Administrator on July 15, 2016, enclosed with copies of a Death Claim Form and a certified copy of the Decedent's Death Certificate, advising the Plan Administrator had received and approved the Death Claim Form, received a copy of the Decedent's Death Certificate, and asked AGLIC to process the claim upon receipt.

13.    On July 19, 2016, AGLIC received a letter from Jennifer Fransen, Gould, Esq., of Garvey Shubert Barer, attorneys for the defendants regarding the Decedent's estate, advising the beneficiary designation of the Decedent's Annuity may be have been changed shortly prior to his death on April 26, 2016, to Ms. Joceline  A. Stickney and that any such change of beneficiary designation was invalid and will be contested.

14.    On August 19, 2016, Calavaras County Superior Court, appointed the Bank of Stockton Trust & Investment Group, as the Administrator of the Decedent's Estate.

15.    On August 24, 2016 AGLIC received a letter from Beverly H. Klunk, Vice President and Senior Trust Officer for  the Bank of Stockton Trust & Investment Group, with enclosed copies of the Decedent's Death Certificate and the Letters of Administration appointing the Bank of Stockton Trust & Investment Group as Administrator  of the Decedent's  estate; inquiring on behalf of the Decedent's daughters  about the status of the Decedent's Annuity  and whether the Annuity had been transferred to a new beneficiary. The Bank of Stockton advised that it believed there had been an attempt to change the beneficiary designation on the Decedent's Annuity from his pre-deceased wife Terry Katherine Hill to

Order on the Joint Stipulation of the Parties for Disbursement of the Annuity Contract, Plus Discharge and Dismissal of the Action
Case Number 2:16-cv-02460-KJM-KJN
1692978v.1

Joceline A. Stickney, an unrelated individual. The Bank of Stockton advised that absent a change in beneficiary the annuity would pass to the Decedent's daughters Molly Hill Gray and Kevyn Morgareidge, the contingent beneficiaries and Decedent's sole heirs.

16.    AGLIC received multiple and conflicting claims to the benefit payable under the Annuity after the Decedent's death as discussed in the preceding paragraphs.

17.    AGLIC contends that it was unable to safely pay the benefit payable under the Annuity, upon the Decedent's death, without being exposed to multiple or double liability to the defendants.

18.    AGLIC possessed a real and reasonable fear of double liability or conflicting claims related to the benefit payable under the Annuity after the Decedent's death.

19.    On  October 14, 2016, AGLIC filed a Complaint for Interpleader Relief in this Court, case number, 2:16-cv-02460-KJM-KJN ("the Action").  [*See* Doc. No. 1 & 1-1].

20.    On December 12, 2016, a Joint Stipulation signed by counsel for AGLIC and counsel for the answering defendants was filed for AGLIC to retain the Annuity Benefit, Subject to a Legal Hold, until the Court issues an Order regarding distribution.  [*See* Doc. No. 9].

21.    On January 13, 2017, the Court issued an Order to Show Cause Re: Parties' Joint Stipulation for AGLIC to Retain Annuity Benefit Subject to a Legal Hold.  [*See* Doc. No. 16].

22.    The Action is at issue, because the answering defendants answered the Complaint for Interpleader Relief on December 27, 2016, and the default of Defendant Stickney was requested on December 29, 2016, and entered on December 30, 2017.  [*See*  Doc. Nos. 10, 11 & 14].

23.    AGLIC is a disinterested stakeholder and is indifferent to which defendant or defendants are entitled to the benefit payable under the Annuity due to the death of the Decedent.

Order on the Joint Stipulation of the Parties for Disbursement of the Annuity Contract, Plus Discharge and Dismissal of the Action
Case Number 2:16-cv-02460-KJM-KJN
1692978v.1

24.     AGLIC is a citizen of the State of Texas (*See* ¶8 of Doc 1); defendant Molly HilL Gray is a citizen and resident of the State of California (*See* ¶10 of Docs 1 & 10); defendant Kevyn Morgareidge is a citizen and resident of the State of Wyoming (*See* ¶11 of Docs 1 & 10); and Defendant Bank of Stockton is a financial institution with its principal place of business in Stockton, California (*See* ¶12 of Docs 1 & 10).

25.     The amount in controversy in the Action exceeds $75,000 because the Annuity death benefit held by AGLIC when the complaint was filed on October 14, 2016, equaled $391,476.67.

26.     This Court also has original jurisdiction over this Action pursuant to 28 U.S.C. §1335, as this suit is between citizens of different states and the amount in controversy exceeds $500.00, exclusive of interest and costs.

27.     This Court also has jurisdiction over this Action pursuant to 28 U.S.C. §1332, and Federal Rule Civil Procedure Rule 22, as the amount in controversy exceeds the $75,000 threshold required in Federal Court and there exists complete diversity between AGLIC and the defendants.

28.     AGLIC properly filed the Complaint for Interpleader Relief in the Action and stated a proper cause for interpleader.

29.     The only remaining parties in this Action, AGLIC and answering defendants Molly Hill Gray, Kevyn Morgareidge, and the Bank of Stockton Trust and Investment Group, stipulate that the Annuity benefit can be distributed to the Bank of Stockton Trust and Investment Group as Administrator of the Estate of Michael Norman Hill, within 30 business days upon receipt of written instructions from counsel for the three answering defendants.

30.     AGLIC shall be and is fully and finally discharged and released from any and all further liability on any and all claims by all defendants related to the death benefit payable under the Annuity, the administration of the Annuity, the defendants' claims for the death benefit payable under the Annuity, payment of the Annuity benefit as set forth in paragraph 29

5

of this Stipulation, and from any and all claims relating in any way to the Annuity, whether said claims are by the defendants, or their representatives, assigns, successor, heirs or attorneys.

31.     All defendants shall be and are hereby restrained and/or prohibited from instituting or prosecuting any proceeding in any state court, United States Court, or administrative tribunal, against AGLIC, related to the death benefit payable under the Annuity, the administration of the Annuity, the defendants' claims for the death benefit payable under the Annuity, payment of the Annuity benefit as set forth in paragraph 29 of this Stipulation, and from any and all claims relating in any way to the Annuity.

32.     Each party shall bear their own fees and costs related to and incurred in this Action, and no defendant shall seek to recover, and/or recover, any of their or their representative's fees and costs in this Action from any other defendant, or AGLIC, including all fees and costs related to the subject matter of the Action, case number 2:16-cv-032460-KJM-KJN.

33.     Entry of this Order moots the need for the parties to provide further information in response to the court's order of January 13, 2017.  This action is dismissed with prejudice in its entirety and as to all parties.

**IT IS SO ORDERED.**

DATED:  February 6, 2017

_____
UNITED STATES DISTRICT JUDGE

Order on the Joint Stipulation of the Parties for Disbursement of the Annuity Contract, Plus Discharge and Dismissal of the Action
Case Number 2:16-cv-02460-KJM-KJN
1692978v.1